# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2272

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jose Martin Morales

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: December 2, 2021
Filed: December 7, 2021
[Unpublished]

——————————

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Jose Martin Morales appeals after he pled guilty to a drug offense, and the district court[1] imposed an enhanced sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)

———————————

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

and 851. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that § 851 enhancements are generally arbitrarily and unjustly applied; and as applied to Morales specifically, the enhancement is unfair.

To the extent counsel raises issues relating exclusively to policy or fairness, Morales is without recourse in this direct appeal. We conclude, moreover, the enhancement was properly applied because Morales had a prior "serious violent felony," his status as an aider or abetter notwithstanding; and the sentence imposed was not substantively unreasonable. *See United States v. Oliver*, 987 F.3d 794, 805 (8th Cir. 2021) (reviewing factual findings regarding application of § 851 enhancement for clear error and legal determinations de novo); *United States v. Feemster*, 572 F.3d 455, 461–62, 464 (8th Cir. 2009) (en banc) (reviewing sentences first for significant procedural error, then for substantive reasonableness under abuse-of-discretion standard); *cf. United States v. Gammell*, 932 F.3d 1175, 1179–80 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 2809 (2020) (noting an aiding and abetting conviction is one way to prove a defendant was guilty of a substantive offense which qualifies as a violent felony).

We reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988) and found no non-frivolous issues. Accordingly, we grant counsel's motion and affirm.

_____